IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW JERSEY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> *Defendants* | No. 1:25-cv-11816-IT |

**UNOPPOSED MOTION BY THE STATE OF KANSAS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS**

The State of Kansas respectfully moves for leave to file the attached *amicus curiae* brief in support of Defendants. Kansas law authorizes only its Attorney General to sue in federal court on behalf of the State; the office of the Governor has no such authority. Kansas has a paramount interest in defending its constitutional and statutory division of executive authority.

On July 31, 2025, Plaintiffs filed an amended complaint, which, among other things, added Kansas Governor Laura Kelly as a Plaintiff. ECF 64. Governor Kelly alleged injuries to her constitutional authority as Governor. In the description of her authority to sue, Governor Kelly cited only "her constitutional duty" under the Kansas Constitution, which vests "supreme executive power" in the Governor and makes her responsible for "the enforcement of the laws" of Kansas. *Id.* at 10 (quoting Kan. Const. art. I, § 3). Yet Governor Kelly does not describe any injuries

1

...
...

to her constitutional authority; she describes the same state-level harms, and seeks the same state-level relief, as the other State Plaintiffs in this case.

As explained more fully in the attached brief, Governor Kelly is actually suing on behalf of the State of Kansas. And under the laws and constitution of the State of Kansas, Governor Kelly does not have authority to sue in federal court on behalf of the State of Kansas. She therefore lacks standing and this Court should dismiss her claims.

Kansas expects Defendants to contest subject-matter jurisdiction. This brief provides the Court with additional state-law context in support of Defendants' arguments. *See Velerio-Ramirez v. Lynch*, 808 F.3d 111, 117 n.10 (1st Cir. 2015) ("While it is true that amici may not present legal theories not argued by the parties, they may present variations on the arguments presented by a party." (cleaned up)). But even if Defendants advance other arguments, this Court may—and should—consider Governor Kelly's standing as a matter of its Article III jurisdiction, which this Court is "independently obligated" to consider "regardless of whether the parties raise the issue." *See Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council*, 589 F.3d 458, 467 (1st Cir. 2009) (considering standing argument raised by Massachusetts in *amicus* brief); *see also Orion Wine Imports, LLC v. Applesmith*, 440 F. Supp. 3d 1139, 1146 (E.D. Cal. 2020) ("A court may consider an issue raised by an amicus *sua sponte* if it touches on fundamental issues of the court's jurisdiction.").

Pursuant to Local Rule 7.1, Kansas has conferred with the parties, who do not oppose this motion.

## CONCLUSION

For the foregoing reasons, the State of Kansas requests the Court's leave to file the attached *amicus curiae* brief supporting Defendants.

Respectfully submitted,

*/s/ Nathaniel M. Lindzen*
NATHANIEL M. LINDZEN
MA Bar No. 689999
Law Office of Nathaniel M. Lindzen
57 School Street
Wayland, MA 01778
Phone: (212) 810-7627
Email: nlindzen@corpfraudlaw.com

KRIS W. KOBACH
*Attorney General of Kansas*
James R. Rodriguez*
*Assistant Attorney General*
Adam Steinhilber
*Assistant Solicitor General*
120 SW 10th Ave, 2d Fl.
(785) 368-8197
Jay.rodriguez@ag.ks.gov

**Pro hac vice forthcoming*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered an appearance.

<em>/s/ Nathaniel M. Lindzen</em><br>NATHANIEL M. LINDZEN