## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STATE OF NEW JERSEY, *et al.*,

      Plaintiffs,

      v.

U.S. OFFICE OF MANAGEMENT AND
BUDGET, *et al.*,

      Defendants.

Civil Action No. 25-11816-IT

## PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR STAY

Plaintiffs oppose Defendants' motion for an indefinite stay in light of the lapse in federal appropriations. This case challenges Defendants' use of a single subclause buried in federal regulations to terminate billions of dollars in critical federal funding to States. A stay of this case while the parties are briefing summary judgment would unnecessarily delay Plaintiffs from obtaining relief making clear that Defendants cannot use this Clause[1] to terminate federal funding based on new agency priorities not identified at the time of the grant award—relief that is particularly critical given Defendants' ongoing reliance on the Clause, at the President's express direction, to terminate grants on this basis. *See* Pls.' Reply, Doc. No. 98 at 16-18. Indeed, a stay would be especially inequitable since Defendants have apparently paused billions in awarded federal funds during the lapse in appropriations and have stated that they are considering whether to terminate additional funding. *See* Russ Vought (@russvought), X (Oct. 17, 2025, at 2:24 PM), https://tinyurl.com/y7nx4dds. A stay is also unnecessary because Defendants will not be harmed by the

---

[1] Plaintiffs refer to both 2 C.F.R. § 200.340(a)(4) (2024) and its predecessor, 2 C.F.R. § 200.340(a)(2) (2021), as the "Clause."

denial of a stay, particularly since the Department of Justice's ("DOJ") own contingency plan authorizes its attorneys to work on litigation matters when a court has declined to order a stay. This Court's discretion to grant or deny a stay of proceedings "calls for the exercise of judgment, which must weigh competing interests." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Those interests all strongly counsel in favor of denying Defendants' motion.

For one thing, a stay would unnecessarily delay Plaintiffs from obtaining relief that is necessary to avoid ongoing harms stemming from Defendants' invocation of the Clause to terminate grants. Plaintiffs have filed a motion for summary judgment on Count I of their Complaint, seeking a declaratory judgement that sets out the Clause's limits, including that the Clause does not permit Defendants to terminate grants based on new agency priorities not identified at the time of the award. Pls.' Br., Doc. No. 67 at 19. Briefing on that motion is nearly complete. The relief Plaintiffs seek in Count I is necessary because Defendants have continued to improperly terminate grants under the Clause. *See* Doc. No. 98 at 18. Indeed, the President has issued an Executive Order expressly directing Defendants to continue terminating grants using the Clause. *See* Exec. Order No. 14,332 § 6(b), 90 Fed. Reg. 38,929, 38,933 (Aug. 7, 2025); *see also* Doc. No. 67 at 15-16 (detailing Executive Orders directing federal agencies to review and terminate existing grant funding). If the Court stays this matter, additional time will pass before the Court can issue relief, allowing Defendants to continue terminating critical federal grants in the meantime based on their improper interpretation of the Clause. As the undisputed factual record establishes, these terminations have cut billions in critical funding for States, which had been used to combat violent crime, protect public safety, remove chemicals from drinking water, protect unemployment benefits systems from fraud, distribute locally grown produce to schools and underserved communities, and more. *See* Doc. No. 67 at 17-18, 21. And Plaintiffs have billions of dollars in active grants with

Agency Defendants that remain vulnerable to termination under the Clause. *See* Doc. No. 98 at 17-18. To avoid imminent injury from Defendants' future invocation of the Clause, Plaintiffs therefore need briefing to continue apace, with a decision from this Court as soon as practicable.

Defendants claim there is no urgency here because Plaintiffs have not moved for "time-sensitive injunctive relief" and the parties instead agreed to a four-month briefing schedule. Defs.' Mot., Doc. No. 99 at 2 (¶ 6). But Plaintiffs primarily seek a declaratory judgment, not injunctive relief. *See* Am. Compl. Doc. No. 64 at 82-83 (¶¶ i-iv). And "there is no such thing as a motion for a preliminary declaratory judgment." *Corp. for Pub. Broad. v. Trump*, 786 F. Supp. 3d 142, 150 (D.D.C. 2025). So Plaintiffs chose the most expeditious path to obtain their desired declaratory relief: moving for summary judgment less than seven weeks after filing this case and only four days after amending their complaint. *See* Doc. No. 99 at 2 (¶ 6). That motion could end this case in short order. Plaintiffs should therefore not be penalized for choosing to, in Defendants' words, "work collaboratively on scheduling matters." *Id*.

Moreover, Defendants will not suffer any harm from the denial of a stay. The DOJ's own guidance authorizes the DOJ to continue work on this matter despite the lapse in appropriations. Under 31 U.S.C. § 1342, federal attorneys generally may not work during a government shutdown unless "authorized by law" or for "emergencies involving the safety of human life or the protection of property." But on September 29, 2025, the DOJ issued a contingency plan setting forth its planned operations during a lapse in appropriations. *See* U.S. Dep't of Just., *FY 2026 Contingency Plan* (Sept. 29, 2025) ("Contingency Plan"), https://tinyurl.com/mrys56dn. For civil litigation, the DOJ instructs its attorneys to "approach the courts and request that active cases … be postponed until funding is available." *Id.* at 3. If a court denies a stay, however, "the Government will comply

with the court's order, which would constitute express legal authorization for the activity to continue" under § 1342. *Id.*; *see also* Text Order Denying Mot. to Stay*, Rhode Island, v. Trump*, No. 1:25-cv-00128 (D.R.I. Oct. 2, 2025) (noting that "[t]he Court is required to continue its constitutional functions"); *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan & Edwards, JJ., concurring) (discussing the DOJ's similar FY 2019 Contingency Plan). In other words, "[i]f a court denies a litigator's request to postpone a case and orders it to continue, the litigation will become an excepted activity that can continue during the lapse." *See* Contingency Plan at 7. Separately, both 31 U.S.C. § 1342 and the DOJ's Contingency Plan establish that the DOJ activities associated with "emergencies involving the safety of human life" may continue as "excepted" activities during a lapse of appropriations. *See* Contingency Plan at 1 (quoting the "emergencies" language in 31 U.S.C. § 1342). Because federal law authorizes the payment of wages for "excepted activities" during a lapse in appropriations, any harm to Defendants' counsel would be mitigated should this Court deny a stay. *See* 31 U.S.C. § 1341(c)(2); *see also* Contingency Plan at 3 (the DOJ is required to maintain civil litigation staffing at the level necessary to continue activities in proceedings that are not stayed.).

That is among the reasons why federal courts have regularly declined requests by the DOJ to stay proceedings due to a lapse of appropriations. For instance, "when federal appropriations lapsed in 2013, resulting in a 'shutdown' from October 1 to October 17, 2013, [the D.C. Circuit] received Government motions to stay oral argument in at least sixteen cases." *Kornitzky Grp.*, 912 F.3d at 638 (Srinivasan & Edwards, JJ., concurring). In "every one of those motions," the government counsel cited the same statute that Defendants cite here, 31 U.S.C. § 1342, claiming that it prohibited them from working. *Id.* at 638-39. But the D.C. Circuit denied "every one of these motions," even when a stay was unopposed, "and every time, the Government then participated in

oral argument." *Id.* This practice of denying such motions continued during the most recent government shutdown from December 22, 2018 to January 25, 2019. *Id.* at 639.

Indeed, multiple federal courts have already denied requests by the DOJ to stay proceedings during this current lapse of appropriations. For instance, this Court recently denied the federal government's request for a stay in other litigation brought by some of the Plaintiffs in this case. *See* Memorandum & Order Denying Mot. to Stay, *California v. U.S. Dep't of Health and Human Services,* , No. 1:25-cv-12118 at Doc. No. 72 (D. Mass. Oct. 8, 2025) (Talwani, J.) ("Plaintiffs' interest in proceeding in this case outweighs Defendants' interest in a stay where counsel for Defendants may continue litigating during the lapse in funding pursuant to a court order."). And district courts across the country, including this one, have repeatedly denied the DOJ's motions for stays due to the current lapse of appropriations. *See* Order Denying Mot. to Stay, *Guerrero Orellana v. Moniz*, No. 1:25-cv-12664 at Doc. No. 51 (D. Mass Oct. 2, 2025); Order Granting in Part and Denying in Part Mot. to Stay, *California v. U.S. Dep't of Agric.*, No. 3:25-cv-06310 at Doc. No. 97 (N.D. Cal. Oct. 1, 2025) (refusing to stay briefing on plaintiffs' motion for preliminary injunction); Text Order Denying Mot. to Stay, *Rhode Island v. Trump*, No. 1:25-cv-00128 (D.R.I. Oct. 2, 2025) (denying motion to stay and citing the DOJ's Contingency Plan); Text Order Denying Mot. to Stay, *New York v. Kennedy*, No. 1:25-cv-00196 (D.R.I. Oct. 3, 2025); Text Order Denying Mot. to Stay, *United States v. Rhode Island*, No. 1:14-cv-00175 (D.R.I. Oct. 2, 2025); Text Order Denying Mot. to Stay, *J.P. Morgan Chase Bank, N.A. v. Carver*, No. 1:24-cv-00478 (D.R.I. Oct. 3, 2025); Order Denying Mot. to Stay, *New York v. U.S. Dep't of Energy*, No. 6:25-cv-01458 at Doc. No. 77 (D. Or. Oct. 9, 2025); Text Order Denying Mot. to Stay, *New York v. U.S. Dep't of Just.*, No. 1:25-cv-00499 (D.R.I. Oct. 6, 2025).

For the reasons explained above, this Court should do the same.

Dated: October 23, 2025

MATTHEW J. PLATKIN
  ATTORNEY GENERAL OF NEW JERSEY


*/s/ Jeremy M. Feigenbaum*
Jeremy M. Feigenbaum*
  *Solicitor General*
Sundeep Iyer*
  *Chief Counsel*
Stephen Ehrlich*
  *Deputy Solicitor General*
Bassam Gergi*
Jessica L. Palmer†
Amanda I. Morejón
Meghan K. Musso*
Sarah Nealon†
Lauren E. Van Driesen†
  *Deputy Attorneys General*
Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5279
Jeremy.Feigenbaum@njoag.gov
Amanda.Morejon@law.njoag.gov

*Counsel for the State of New Jersey*


LETITIA JAMES
  ATTORNEY GENERAL OF NEW YORK

By: */s/ Rabia Muqaddam*
Rabia Muqaddam†
  *Special Counsel for Federal Initiatives*
Jessica Ranucci†
  *Special Counsel*
28 Liberty St.
New York, NY 10005
(212) 416-8883
Rabia.muqaddam@ag.ny.gov
Jessica.Ranucci@ag.ny.gov

*Counsel for the State of New York*

Respectfully submitted,

ANDREA JOY CAMPBELL
  ATTORNEY GENERAL OF MASSACHUSETTS


By:  */s/ Vanessa A. Arslanian*
Katherine B. Dirks (BBO No. 673674)
  *Chief State Trial Counsel*
Vanessa A. Arslanian (BBO No. 688099)
James A. Sweeney (BBO No. 543636)
  *State Trial Counsel*
Anna J. Lumelsky (BBO No. 677708)
  *Deputy State Solicitor*
Yael Shavit (BBO No. 695333)
  *Chief, Consumer Protection Division*
Jak Kundl (BBO No. 713951)
  *Assistant Attorney General*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
vanessa.arslanian@mass.gov


*Counsel for the Commonwealth of Massachusetts*


KRISTIN K. MAYES
  ATTORNEY GENERAL OF ARIZONA

By: */s/ Hayleigh S. Crawford*
Hayleigh S. Crawford†
  *Deputy Solicitor General*
Syreeta A. Tyrell†
  *Senior Litigation Counsel*
2005 North Central Avenue
Phoenix, Arizona 85004
Phone: (602) 542-3333
Hayleigh.Crawford@azag.gov
Syreeta.Tyrell@azag.gov
ACL@azag.gov
*Counsel for the State of Arizona*

6

**ROB BONTA**
  ATTORNEY GENERAL OF CALIFORNIA

By: */s/ Shiwon Choe*
Anya M. Binsacca\*
  *Supervising Deputy Attorney General*
Shiwon Choe[†]
Zelda Vassar[†]
Harald H. Kirn[†]
  *Deputy Attorneys General*
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-4400
Anya.Binsacca@doj.ca.gov
Shiwon.Choe@doj.ca.gov
Zelda.Vassar@doj.ca.gov
Harald.Kirn@doj.ca.gov

*Counsel for the State of California*


**PHILIP J. WEISER**
  ATTORNEY GENERAL OF COLORADO

By: */s/ David Moskowitz*
David Moskowitz[†]
  *Deputy Solicitor General*
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov

*Counsel for the State of Colorado*


**WILLIAM TONG**
  ATTORNEY GENERAL OF CONNECTICUT

By: */s/ Michael K. Skold*
Michael K. Skold[†]
  *Solicitor General*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Michael.skold@ct.gov

*Counsel for the State of Connecticut*


**KATHLEEN JENNINGS**
  ATTORNEY GENERAL OF DELAWARE

By: */s/ Ian R. Liston*
Ian R. Liston[†]
  *Director of Impact Litigation*
Vanessa L. Kassab\*
  *Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

**BRIAN L. SCHWALB**
  ATTORNEY GENERAL FOR THE DISTRICT OF
COLUMBIA

By: */s/ Andrew C. Mendrala*
Andrew C. Mendrala†
  *Assistant Attorney General*
400 Sixth Street, NW
Washington, D.C. 20001
(202) 724-9726
Andrew.mendrala@dc.gov

*Counsel for the District of Columbia*


**KWAME RAOUL**
  ATTORNEY GENERAL OF ILLINOIS

By: */s/ Darren Kinkead*
Darren Kinkead†
  *Public Interest Counsel*
115 South LaSalle Street
Chicago, IL 60603
(773) 590-6967
Darren.Kinkead@ilag.gov

*Counsel for the State of Illinois*


**ANNE E. LOPEZ**
  ATTORNEY GENERAL OF HAWAIʻI

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day†
  *Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes†
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*


**LAURA KELLY**
  IN HER OFFICIAL CAPACITY AS GOVERNOR OF
  THE STATE OF KANSAS

By: */s/ Justin Whitten*
Justin Whitten†
  *General Counsel*
Ashley Stites-Hubbard†
  *Deputy Chief Counsel*
Office of the Kansas Governor
300 SW 10th Ave, Room 541-E
Topeka, KS 66612
(785) 296-3930
Justin.h.whitten@ks.gov
Ashley.stiteshubbard@ks.gov

*Counsel for Governor Laura Kelly*

**OFFICE OF THE GOVERNOR** *ex rel.*
**ANDY BESHEAR**
  IN HIS OFFICIAL CAPACITY AS GOVERNOR OF
  THE COMMONWEALTH OF KENTUCKY

By:  */s/ S. Travis Mayo*
S. Travis Mayo[†]
  *General Counsel*
Taylor Payne[†]
  *Chief Deputy General Counsel*
Laura C. Tipton[†]
  *Deputy General Counsel*
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov


*Counsel for the Office of the Governor*


**ANTHONY G. BROWN**
  ATTORNEY GENERAL OF MARYLAND

By: */s/ Steven J. Goldstein*
Steven J. Goldstein[†]
  *Assistant Attorney General*
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
410-576-6414
Sgoldstein@oag.state.md.us

*Counsel for the State of Maryland*

**AARON M. FREY**
  ATTORNEY GENERAL OF MAINE

By: */s/ Jason Anton*
Jason Anton[†]
  *Assistant Attorney General*
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.:  207-626-8800
Fax:  207-287-3145
jason.anton@maine.gov


*Counsel for the State of Maine*


**DANA NESSEL**
  ATTORNEY GENERAL OF MICHIGAN

By: */s/ Neil Giovanatti*
Neil Giovanatti[†]
  *Assistant Attorney General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov

*Attorney for the People of the State of Michigan*

**KEITH ELLISON**
  ATTORNEY GENERAL OF MINNESOTA

By: */s/ Katherine J. Bies*
Katherine J. Bies[†]
  *Special Counsel, Rule of Law*
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 300-0917
Katherine.Bies@ag.state.mn.us

*Counsel for the State of Minnesota*


**AARON D. FORD**
  ATTORNEY GENERAL OF NEVADA

By: */s/ Heidi Parry Stern*
Heidi Parry Stern[†]
  *Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

*Counsel for the State of Nevada*


**RAÚL TORREZ**
  ATTORNEY GENERAL OF NEW MEXICO

By: */s/ Amy Senier*
Amy Senier
  *Senior Litigation Counsel*
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM  87504-1508
(505) 490-4060
asenier@nmdoj.gov

*Counsel for the State of New Mexico*


**DAN RAYFIELD**
  ATTORNEY GENERAL OF OREGON

By: */s/ Brian Simmonds Marshall*
Coby Howell[†]
Brian Simmonds Marshall*
  *Senior Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Brian.S.Marshall@doj.oregon.gov

*Counsel for the State of Oregon*

**JOSH SHAPIRO**
 IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA

Jennifer Selber
*General Counsel*

By: */s/ Jacob B. Boyer*
Jacob B. Boyer[†]
 *Deputy General Counsel*
Michael J. Fisher[†]
 *Executive Deputy General Counsel*
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov

*Counsel for Governor Josh Shapiro*

**CHARITY R. CLARK**
ATTORNEY GENERAL OF VERMONT

By: */s/ Jonathan T. Rose*
Jonathan T. Rose[†]
 *Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-3171
Jonathan.rose@vermont.gov

*Counsel for the State of Vermont*

**PETER F. NERONHA**
 ATTORNEY GENERAL OF RHODE ISLAND
By: */s/ Leonard Giarrano IV*
Leonard Giarrano IV[†]
 *Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2062
lgiarrano@riag.ri.gov

*Counsel for the State of Rhode Island*

**JOSHUA L. KAUL**
ATTORNEY GENERAL OF WISCONSIN

By: */s/ Colin T. Roth*
Colin T. Roth[†]
 *Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636
rothct1@doj.state.wi.us

*Counsel for the State of Wisconsin*

*\*Pro hac vice application forthcoming*
[†] *Admitted pro hac vice*

11

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

*/s/ Katherine B. Dirks*
Katherine B. Dirks

Dated: October 23, 2025