IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW JERSEY, *et al.*, <br><br> Plaintiffs, <br><br> *v.* <br><br> U.S. OFFICE OF MANAGEMENT AND BUDGET, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-11816-IT <br><br> **Leave to File Granted on Oct. 28, 2025** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY
REPLY DEADLINE DUE TO LAPSE IN APPROPRIATIONS**

The United States hereby files this reply memorandum to respond to Plaintiffs' opposition to Defendants' motion to stay. In further support of its stay motion, the Government makes three points:

*First*, as previously noted and as Plaintiffs do not seem to dispute, ECF No. 99, the Anti-Deficiency Act requires that absent an appropriation, Department of Justice attorneys and most employees of the Defendant agencies are prohibited from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The Act specifically states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id.* But despite filing a lengthy opposition, Plaintiffs do not even dispute that this standard is not satisfied here. That is reason enough to grant a stay.

Primarily, Plaintiffs respond that the Court could simply order Defendants to litigate this case as if the Anti-Deficiency Act did not exist. And, to be clear, Defendants recognize that if this Court denies relief, they will be required to—and they will—comply with all applicable court orders. But that practical reality does not render the Anti-Deficiency Act a legal nullity that can be ignored as a

matter of course without any consideration of the applicable statutory factors. *See, e.g.*, *Rubin v. Islamic Rep. of Iran*, 583 U.S. 202, 213 (2018) (noting that "one of the most basic interpretive canons . . . is that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). Plaintiffs' failure to offer any serious response on that point is thus dispositive.

*Second*, Plaintiffs' opposition offers no explanation of why this case is (in Plaintiffs' view) sufficiently urgent to ignore the statutory requirements of the Anti-Deficiency Act, but was *not* sufficiently urgent to file suit any earlier than June 24, to file the operative complaint any earlier than July 31, to propose a briefing schedule that would be completed before mid-November, and—most importantly—to not seek any form of time-sensitive injunctive relief. Plaintiffs respond that they seek only a declaratory judgment, and that "there is no such thing as a motion for a preliminary declaratory judgment." Pls.' Opp'n at 3 (quoting *Corp. for Pub. Broad. v. Trump*, 786 F. Supp. 3d 142, 150 (D.D.C. 2025)). That supports *Defendants*' point—if this case really raised some time-sensitive emergency, one would not have expected Plaintiffs to sit idle for many months, and then seek only a declaratory judgment. After all, a declaratory judgment, standing alone, doesn't even require Defendants to do (or refrain from doing) anything at all. *See, e.g.*, *Steffel v. Thompson*, 415 U.S. 452, 471 (1974).

*Third*, Plaintiffs cite examples of courts denying similar stay motions. Defendants of course do not dispute that some courts have denied similar stay motions—though Plaintiffs ignore the many other courts that have *granted* similar stay motions. Indeed, although Plaintiffs rely heavily on 2019 precedent from the D.C. Circuit, during *this* lapse in appropriations, *all* civil matters involving the federal government in the U.S. District Court for the District of Columbia are subject to a blanket stay order, issued by Chief Judge Boasberg—that is, except for motions for a preliminary injunction and motions for a temporary restraining order. *See in re Stay of Civil Proceedings Involving the United States in Light of Lapse in Appropriations*, Standing Order No. 25-55-JEB, https://www.dcd.uscourts.gov/sites/dcd/files/Executive%20Order%2025-55.pdf. That approach is fully consistent with Defendants' position here, and also with the prior order from this Court that Plaintiffs also cite. *See* Mem. & Order Denying Mot. to Stay, *California v. HHS*, No. 1:25-cv-12118 at

Doc. No. 72 (D. Mass. Oct. 8, 2025) (Talwani, J.). In that case, unlike this one, there was a pending motion for a preliminary injunction. *See id.* So those examples, if anything, cut in favor of Defendants.

Date: October 28, 2025                          Respectfully submitted,

                                                BRETT A. SHUMATE
                                                Assistant Attorney General
                                                Civil Division

                                                ERIC J. HAMILTON
                                                Deputy Assistant Attorney General
                                                Civil Division

                                                JOSEPH E. BORSON
                                                Assistant Branch Director
                                                Federal Programs Branch

                                                /s/ Stephen M. Pezzi
                                                STEPHEN M. PEZZI
                                                Senior Trial Counsel
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street NW
                                                Washington, DC 20005
                                                Tel: (202) 305-8576
                                                Email: stephen.pezzi@usdoj.gov
                                                Florida Bar No. 1041279

                                                *Counsel for Defendants*