UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW JERSEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*    Civil Action No. 1:25-cv-11816-IT<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

November 5, 2025

TALWANI, D.J.

Pending before the court is Defendants' Motion to Stay Reply Brief Deadline Due to Lapse in Appropriations [Doc. No. 99], filed October 21, 2025. In support of their stay request, Defendants state that on September 30, 2025, the appropriations act allocating funding for the Department of Justice expired and the appropriations allocated for the department lapsed. Id. ¶ 1. Defendants state that, "[a]bsent an appropriation, attorneys at the Department of Justice are prohibited from working . . . except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" Id. ¶ 2 (citing 31 U.S.C. § 1342). Defendants request "a stay of Defendants' November 14, 2025 deadline to file a reply brief in this case, until Congress has restored appropriations," id. ¶ 3, and that "the deadline be extended commensurate with the duration of the lapse in appropriations[.]" Id. ¶ 4. Plaintiffs oppose Defendants' motion for a stay. See Pls.' Opp'n [Doc. No. 100].

The Anti-Deficiency Act stipulates that "[a]n officer or employee of the United States Government . . . may not accept voluntary services . . . or employ personal services exceeding that authorized by law[.]" 31 U.S.C. § 1342. The act, however, excepts any work conducted "for

emergencies involving the safety of human life or the protection of property." Id. In accordance with these limitations, the Department of Justice's Fiscal Year 2026 Contingency Plan ("Contingency Plan") explains that "the Antideficiency Act restricts the Federal Government's ability to obligate funds in advance of appropriations[.]" U.S. Dep't of Just., U.S. Department of Justice FY 2026 Contingency Plan 1, https://www.justice.gov/jmd/media/1377216/dl (last visited November 4, 2025).

Defendants argue that the Anti-Deficiency Act prohibits Department of Justice attorneys from working on this matter because the standard to satisfy the Act's exception for "emergencies involving the safety of human life or the protection of property" has not been met. 31 U.S.C. § 1342; Defs.' Mot. to Stay ¶ 2, 7 [Doc. No. 99]; Defs.' Reply 1 [Doc. No. 103]. They suggest further that where Plaintiffs have not sought time-sensitive injunctive relief and have "instead litigated the case at a reasonable pace" that "Plaintiffs' own litigation decisions thus far refute any notion that this case presents the sort of time-sensitive emergency that could overcome the legal requirements of the Anti-Deficiency Act." Defs.' Mot. to Stay ¶ 6 [Doc. No. 99]. But, though the act places restrictions on the Department of Justice's work without appropriations, it does not require that non-emergency litigation cease. Instead, as the Contingency Plan correctly assumes, "the Judicial Branch will continue to operate . . . through the lapse." U.S. Department of Justice FY 2026 Contingency Plan, supra 3.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004). The court assesses the parties' competing interests when making such a determination. An evaluation of such interests here supports a denial of the Motion to Stay [Doc. No. 99].

A stay would indefinitely pause a determination of the merits of Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 65] and Defendants' own Motion to Dismiss [Doc. No. 88], yet it would not stop Defendants from continuing to terminate grant funding. At issue in this case is whether Defendants may rely on a clause within federal regulation 2 C.F.R. § 200.340(a)(4) (the "Clause") to terminate federal grant funding previously awarded to Pls.' Compl. ¶ 1-2 [Doc. No. 1]. Plaintiffs note, and Defendants seemingly do not contest, that Defendants have continued to rely on the Clause to terminate grant funding throughout the pendency of this litigation. Pls.' Opp'n 2 [Doc. No. 100]; Pls.' Reply Mem. ISO Mot. for Summ. J. 9 [Doc. No. 98]. A stay, therefore, could allow Defendants to continue to terminate funding but close off Plaintiffs' opportunity to resolve this matter pursuant to the parties' agreed-upon schedule. This risk of harm weighs in favor of denial of the stay. That Plaintiffs and Defendants agreed to a briefing schedule for this matter does not mean that this action lacks time-sensitivity nor does it mean that deviating from the agreed-upon timeline would not place a burden on Plaintiffs.

Nor are Defendants prejudiced by the court denying a stay. The Contingency Plan explains that the Department will continue activities for which, *inter alia*, "there is an express authority to continue during an appropriations lapse[.]" U.S. Department of Justice FY 2026 Contingency Plan, supra 1. Accordingly, the Contingency Plan directs Department litigators to "approach the courts and request that active cases . . . be postponed until funding is available." Id. at 3. If a court denies the Department's request for a stay and orders the case to continue, "the Government will comply with the court's order, which would constitute express legal authorization" for the Department to litigate that case during the lapse. Id. Where the Department

3

has authorized attorneys to continue litigation during the lapse pursuant to a court order, denying a stay will not prejudice Defendants in this case.

Weighing the competing interests in this case, the court finds that the harm in staying the proceedings outweighs the harm of denying the stay, particularly where counsel for Defendants may continue litigating during the lapse in funding pursuant to a court order.

### I.      Conclusion

For the foregoing reasons, Defendants' Motion for Stay of Proceedings [Doc. No. 99] is DENIED.

IT IS SO ORDERED.

November 5, 2025                            /s/ Indira Talwani
                                            United States District Judge