**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STATE OF NEW JERSEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Civil Action No. 1:25-cv-11816-IT |

## RULE 54(b) FINAL JUDGMENT AS TO COUNT I

**THIS MATTER** comes before the Court on the Joint Motion for Final Judgment as to Count I Pursuant to Rule 54(b);

**WHEREAS**, the Court's July 17, 2026 Memorandum and Order ("Order") (Doc. No. 122) granted the motion for summary judgment filed by all Plaintiffs[1] as to Count I of the Amended Complaint and denied the motion to dismiss Count I filed by all Defendants,[2] and the

[1] New Jersey, Massachusetts, New York, Arizona, California, Colorado, Connecticut, Delaware, the District of Columbia, Hawai'i, Illinois, Laura Kelly, in her official capacity as Governor of the State of Kansas, Office of the Governor *ex rel.* Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, Maine, Maryland, Attorney General Dana Nessel for the People of Michigan, Minnesota, Nevada, New Mexico, Oregon, Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania, Rhode Island, Vermont, and Wisconsin.

[2] U.S. Office of Management and Budget, Russell Vought, in his official capacity as Director of the U.S. Office of Management and Budget, the U.S. Department of Agriculture, Brooke L. Rollins, in her official capacity as Secretary of Agriculture, the U.S. Department of Commerce, Howard Lutnik, in his official capacity as Secretary of Commerce, the U.S. Department of Defense, Pete Hegseth, in his official capacity as Secretary of Defense, the U.S. Department of Homeland Security, Markwayne Mullin, in his official capacity as Secretary of Homeland Security, the U.S. Department of the Interior, Doug Burgum, in his official capacity as Secretary of Interior, the U.S. Department of Justice, Todd Blanche, in his official capacity as

Order declared that "2 C.F.R. § 200.340(a)(4) (2024) and 2 C.F.R. § 200.340(a)(2) (2021) do not allow terminations of awards based on new program goals or agency priorities that an agency identifies after granting the award";

**WHEREAS**, Counts II and III of the Amended Complaint sought relief in the "[a]lternative[] if the Court d[id] not grant Plaintiffs relief on Count I" (Doc No. 64 at 72-83);

**WHEREAS**, the Court's July 17, 2026 Order noted that "Count II and Count III are brought as alternatives to Count I" and asked Plaintiffs to "advise the court whether they continue to seek relief under Count II and Count III" (Doc. No. 64 at 2 n.5);

**WHEREAS**, the Court agrees that its ruling on Count I is final and, if it remains final after any appellate review is exhausted, effectively ends this case;

**WHEREAS**, it is appropriate and consistent with Rule 54(b) for the declaratory judgment on Count I to be certified and made final;

**IT IS** therefore **ORDERED, ADJUDGED**, and **DECREED** that, pursuant to Rule 54(b), there is no just reason for delay, and Final Judgment on Count I of the Amended Complaint is entered as follows:

1. Plaintiffs are entitled to declaratory relief.

---

Attorney General, the U.S. Department of Labor, Keith Sonderling, in his official capacity as Acting Secretary of Labor, the U.S. Department of State, Marco Rubio, in his official capacity as Secretary of State, the U.S. Environmental Protection Agency, Lee Zeldin, in his official capacity as Administrator of the Environmental Protection Agency, the U.S. Federal Emergency Management Agency (FEMA), Cameron Hamilton, in his official capacity as FEMA Administrator, the National Endowment for the Humanities, Michael McDonald, in his official capacity as Chairman of the National Endowment for the Humanities, the National Science Foundation, and Brian Stone, in his official capacity as the Official Performing the Duties of the Director of the National Science Foundation.

2. For the reasons detailed in the Order, the court declares that 2 C.F.R. § 200.340(a)(4) (2024) and 2 C.F.R. § 200.340(a)(2) (2021) do not allow terminations of awards based on new program goals or agency priorities that an agency identifies after granting the award.

3. Final Judgment is hereby granted in favor of all Plaintiffs and against all Defendants on Count I of the Amended Complaint. This constitutes a final, appealable judgment.

**IT IS SO ORDERED.**

October 7, 2026

/s/ Indira Talwani
HON. INDIRA TALWANI
**UNITED STATES DISTRICT JUDGE**